UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **ERIC LEE BOWERS,** <br><br> Plaintiff, <br><br> v. <br><br> **CAREY MEDIA, LLC,** <br><br> Serve at: <br> Reg. Agt. Stephanie Carey <br> 1627 Main Street, Ste 600 <br> Kansas City, MO 64108 <br><br> and <br><br> **STEPHANIE A. CAREY,** <br><br> Serve at: <br> 3554 Pennsylvania Avenue, <br> Kansas City, Missouri, 64111 <br><br> and <br><br> **ADAM CAREY** <br><br> Serve at: <br> 3554 Pennsylvania Avenue, <br> Kansas City, Missouri, 64111 <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> Case No. 4:21-cv-00454 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ERIC LEE BOWERS by and through undersigned counsel, brings this Complaint against Defendants CAREY MEDIA, LLC, STEPHANIE A. CAREY, and ADAM CAREY for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff ERIC LEE BOWERS ("Bowers") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Bowers' original copyrighted Works of authorship.

2. Bowers is a Kansas City based architectural, real estate, and commercial photographer. In addition to photographing architecture and properties for real estate photos, Bowers specializes in construction and capital improvements documentation, political campaign photography, and other events. He is well-regarded for his aerial photography of architecture, real estate and construction. Bowers has amassed a large portfolio of Kansas City's downtown revitalization, the construction of the Kauffman Center for Performing Arts, as well as the final years of open-outcry wheat futures trading at the Kansas City Board of Trade. Bowers sells prints and licenses his photographs on his website. www.ericbowersphoto.com.

3. Defendant CAREY MEDIA, LLC ("CMLLC") acquired the publication "The Pitch" in December 2017. The Pitch is an alternative newspaper distributed in the Kansas City Metropolitan Area, including Lawrence and Topeka, Kansas. While known for its investigative stories of the local government, it also covers local sports stories, restaurants, events, visual art and concerts. The Pitch is available in print each month and online every day. At all times relevant herein, CMLLC owned and operated the internet website located at the URL www.thepitchkc.com (the "Website").

4. Defendant Stephanie A. Carey ("S-Carey") is is the CEO of Carey Media and the publisher of The Pitch.

5. Defendant ADAM CAREY (A-"Carey") is is the Chief Operating Officer of Carey Media and the CEO of The Pitch. Both Stephanie Carey and Adam Carey (of Carey Media) purchased The Pitch in December 2017.

6. Defendants CMLLC, S-Carey, and A-Carey are collectively referred to herein as "Defendants."

7. Bowers alleges that Defendants copied Bowers' copyrighted Works from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in Missouri.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12. Carey Media, LLC is a Missouri Limited Liability Company, with its principal place of business at 3543 Broadway Boulevard, Kansas City, Missouri, 64111, and can be served by serving its Registered Agent, Ms. Stephanie Carey, 1627 Main Street, Ste 600, Kansas City, MO 64108.

13. Stephanie A. Carey is an individual residing in Jackson county, state of Missouri and can be served at 3554 Pennsylvania Avenue, Kansas City, Missouri, 64111.

14. Adam Carey is an individual residing in Jackson county, state of Missouri, and can be served at Adam Carey of 3554 Pennsylvania Avenue, Kansas City, Missouri, 64111.

## THE COPYRIGHTED WORKS AT ISSUE

15. In 2011, Bowers created the photographs entitled "helzberg-hall-march-2011-2", and "IMG_0784_copy1-2" which are shown below and referred to herein as the "Works".





16. At the time Bowers created the Works, Bowers applied copyright management information to the Works consisting of the words ©ericbowersphotography.com to the bottom left corner of the helzberg-hall-march-2011-2 Work.

17. Bowers registered the Works with the Register of Copyrights on June 3, 2015 and August 5, 2015, and was assigned registration numbers VA 1-967-368 and VA 1-979-291. The Certificates of Registration are attached hereto as Exhibit 1.

18. Bowers' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

19. At all relevant times Bowers was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

20. Defendants have never been licensed to use the Works at issue in this action for any purpose.

21. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

22. On or about August 23, 2018, Bowers discovered the unauthorized use of Works on the Website. The first unauthorized use featured Bowers' photograph of the Alamo Drafthouse to promote an event with Comedian Doug Benson at the Alamo Drafthouse.

23. The second unauthorized use occurred on or about July 17, 2014, when The Pitch posted an article on the Website entitled "KC Symphony Chorus holds auditions this weekend" that featured one of Bowers' Works, the photograph of Helzberg Hall, the location of the Kansas City Symphony.

24. Defendants copied Bowers' copyrighted Works without Bowers' permission.

25. After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their print and online publication business.

26. Defendants copied and distributed Bowers' copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

27. Bowers' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

28. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

29. Bowers never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

30. Bowers notified Defendants of the allegations set forth herein on July 23, 2020, August 28, 2020 and September 21, 2020. To date, Defendants have failed to respond to Plaintiff's Notices. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

31. When Defendants copied and displayed the Works at issue in this case, Defendants removed Bowers' copyright management information from the Works.

32. Bowers never gave Defendants permission or authority to remove copyright management information from the Works at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

33. Bowers incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Bowers owns valid copyrights in the Works at issue in this case.

35. Bowers registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Bowers' authorization in violation of 17 U.S.C. § 501.

37. Defendants performed the acts alleged in the course and scope of its business activities.

38. Defendants' acts were willful.

39. Bowers has been damaged.

40. The harm caused to Bowers has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY CMLLC

41. Bowers incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

42. Bowers owns valid copyrights in the Works at issue in this case.

43. Bowers registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

44. CMLLC copied, displayed and distributed the Works at issue in this case and made derivative of the Works without Bowers authorization in violation of 17 U.S.C. § 501.

45. CMLLC had the right and ability to supervise the infringing activities of S-Carey and A-Carey alleged herein.

46. CMLLC had a direct financial interest in the infringing activities alleged herein.

47. As a result of CMLLC's vicarious infringement as alleged above, CMLLC obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

48. Bowers has been damaged.

49. The harm caused to Bowers has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

50. Bowers incorporates the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

51. The Works at issue in this case contain copyright management information ("CMI").

52. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

53. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Bowers' rights in the Works at issue in this action protected under the Copyright Act.

54. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Bowers' rights in the Works at issue in this action protected under the Copyright Act.

55. Bowers has been damaged.

56. The harm caused to Bowers has been irreparable.

WHEREFORE, the Plaintiff Eric Lee Bowers prays for judgment against the Defendants Carey Media, LLC, Stephanie A. Carey, and Adam Carey that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

    b. Defendants be required to pay Plaintiff actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    d. Plaintiff be awarded attorneys' fees and costs of suit under the applicable statutes sued upon;

    e. Plaintiff be awarded pre and post-judgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: June 29, 2021

Respectfully submitted,

**VOYTAS LAW, LLC**

/s/ Richard A. Voytas, Jr
Richard A. Voytas, Jr., #52046
7321 S. Lindbergh Blvd., Ste 101
St. Louis, MO 63125
314.380.3166
rick@voytaslaw.com

Counsel for Plaintiff